EMERSON GOULD v. GEORGE B. ROSE.

SERVICE OF SUMMONS BY DELIVERING THE ORIGINAL WRIT.

Where the sheriff or his deputy makes a personal service, by delivering to the defendant the original writ of summons, and makes a return of such service upon a duplicate of the original summons issued by the clerk, constitutes a valid service.

RUSSELL, J.

A petition was filed, in the court of common pleas of Pickaway county, upon which a summons was duly issued with the proper indorsements thereon by the clerk of the court and delivered to the sheriff. The defendant, though not a resident of, was found within that county, and the original writ was served by delivering the same to him personally, by the deputy sheriff, in whose hands the sheriff had placed the writ for service.    A duplicate of the original summons was then procured to be issued by the clerk, and upon this writ, the deputy made return that he had "served the same by personally handing a true copy thereof, with all the indorsements thereon, to the within named George B. Rose," within the proper time for service and return.

Thereupon the defendant, by his attorneys, filed a motion in said cause, (alleging therein that he appeared for that purpose only) to quash the service, and to set aside the return thereof, and with said motion he also filed his affidavit, setting forth, in substance, the facts as above stated, and attached to his affidavit the original summons which had been served upon him.    Upon the hearing of the motion the defendant called as witness the sheriff and his deputy, and also the clerk whose testimony was in accord with the foregoing facts.    It. also appeared in evidence, that the sheriff received the writ from the clerk and had indorsed thereon the appointment of a third person to serve the same in pursuance of sec. 5041, Rev. Stat., but the same being served by him, the indorsement was stricken off the writ by the sheriff before delivering it to his deputy. The defendant did not appear as a witness on the hearing of the motion. It also appeared in evidence, that a copy of the original summons had been made by the sheriff, but could not be found at the time of delivering the original to the deputy, and in the deputy's haste to make the service while the defendant was in the county, and for want of time to prepare another copy, he served the original, as stated.

Objection was made by plaintiff's counsel to the testimony of the officers, which tended to impeach the return made by the sheriff. The court sustained the motion of the defendant, quashed the service, and set aside the return made by the deputy, to which plaintiff excepted and filed his motion for a new trial, which was overruled, and the plaintiff thereupon prosecuted error to the circuit court.

Upon the hearing of the petition in error, the circuit court reversed the judgment upon the following grounds:

First. The judgment of said court below was manifestly against the weight of the evidence.

Second. Said court erred in setting aside the service made upon the defendant in error.

Third. Said court erred in quashing the service of the summons in this case.

Fourth. Said court erred in overruling the motion of the plaintiff for a new trial.

*Abernethy & Folsom*, for plaintiff, Gould.

*Geo. B. Bitzer* and *Jno. C. Entrekin*, for defendant, Rose.